<u>NOT FOR PUBLICATION</u>

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA**

Filed / Docketed
October 11, 2007

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **4 FRONT PETROLEUM, INC.,** | ) | **Case No. 04-10979-R** |
| | ) | **Chapter 7** |

**ORDER GRANTING TRUSTEE'S MOTION FOR ORDER WAIVING NOTICE
AND AUTHORIZING THE FILING OF THE TRUSTEE'S MOTION
FOR ORDER AUTHORIZING JOINT PROSECUTION AGREEMENT
<u>AND MOTION TO EMPLOY PROFESSIONAL PERSON UNDER SEAL</u>**

Before the Court is the Trustee's Motion for Order Waiving Notice and Authorizing the Filing of the Trustee's Motion for Order Authorizing Joint Prosecution Agreement and Motion to Employ Professional Person Under Seal (Doc. 265) (the "Motion to Seal"), filed by Patrick J. Malloy III, Trustee (the "Trustee") on October 5, 2007. The Trustee seeks to file under seal a motion for authority to (1) employ special counsel to prosecute claims that are assets of the estate and (2) enter into an agreement with the Creditor Trust established pursuant to the Liquidating Plan entered in the bankruptcy proceeding of Hale-Halsell Company ("Hale") for the joint prosecution of claims against officers and directors of the Debtor, 4 Front Petroluem, Inc., Hale, and Git-n-Go, Inc. ("GNG"), and against their D&O insurer, Travelers Casualty and Surety Company of America ("Travelers").

Having reviewed the Trustee's Motion for Order Authorizing Joint Prosecution Agreement and Motion to Employ Professional Person (the "Proposed Motion"), which was submitted to the Court *in camera*, the Court finds that the Proposed Motion, which explains the proposed litigation strategy of the Trustee and the Creditor Trust, contains information

that is privileged or constitutes work product, and which, if not sealed, could (1) constitute a waiver of the privilege and (2) undermine the value of estate assets (the claims) by disclosing the Trustee's evaluation of the merits and litigation strategy to the target defendants.  For these reasons, the Court concludes that it is in the best interests of the estate and its creditors that the Motion to Seal be granted.  See, e.g., In re 50-Off Stores, Inc., 213 B.R. 646 (Bankr. W.D. Tex. 1997) (sealing the transcript of a hearing on a motion to retain professionals).

The Trustee is authorized to submit the Proposed Motion to the Court to be filed under seal pursuant to 11 U.S.C. § 107(b) and Bankruptcy Rule 9018, and the Trustee's obligation to provide notice of the Proposed Motion to parties in interest is waived.

**SO ORDERED** this 11th day of October, 2007.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT